UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEBORAH L. GALLAHER and KEVIN
JOHN GALLAHER,

    Plaintiffs,

v.

Case No: 6:18-cv-34-Orl-37TBS

DEUTSCHE BANK NATIONAL TRUST
COMPANY, ESTATES AT ALOMA
WOODS HOMEOWNERS
ASSOCIATION, INC, SHELLPOINT
MORTGAGE SERVICING and SELECT
PORTFOLIO SERVICING INC.,

    Defendants.

## ORDER

This matter comes before the Court on the Renewed Motion for FLA. STAT. § 57.105 Attorneys Fees and Motion for Prevailing Party Attorneys Fees Under FLA. STAT. § 559.77(2), filed by Defendant Estates at Aloma Woods Homeowners Association, Inc. (Doc. 30).

### I. Background

Plaintiffs Deborah and Kevin Gallagher's claims concern a residential property once owned by Mr. Gallagher sold at foreclosure sale on March 23, 2017 (Doc. 2; Doc. 14 at 25). Plaintiffs' objections to the foreclosure sale were overruled by the state trial court and Plaintiffs appealed to Florida's Fifth District Court of Appeal (Id., 14, 27). The appellate court dismissed the appeal on November 29, 2017 (Id., at 32). Because the property is subject to the Declaration of Conditions, Covenants, Easements and Restrictions at Aloma Woods, it is within the purview of Defendant Estates of Aloma

Woods Homeowners Association, Inc. (the "HOA") (Id., at 4, 36). The HOA asserts claims against Plaintiff Keven J. Gallagher for the non-payment of assessments, legal fees and other expenses (Id., at 4-7).

Plaintiffs' complaint, originally filed in the Circuit Court in and for Seminole County, Florida includes claims of negligence, unjust enrichment, violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(k), and the Florida Consumer Collection Practices Act, FLA. STAT. §§ 595.55-559.785 for (Doc. 2). While the case was pending in state court, the HOA filed in a single paper, its answer, affirmative defenses, motion to dismiss, and motion for attorney's fees (Doc. 3).

Defendants Deutsche Bank National Trust Company, Shellpoint Mortgage Servicing and Select Portfolio Servicing, Inc. subsequently removed the case to this Court, asserting that under 28 U.S.C. § 1331, the Court has original jurisdiction over Plaintiffs' RESPA claim (Doc. 1 at 2-3). These Defendants have asked the Court to exercise supplemental jurisdiction over Plaintiffs' state law claims (Id., at 4).

The Court reviewed the docket and denied the HOA's motions to dismiss and for attorney's fees without prejudice, and struck its answer and affirmative defenses because they were improperly combined in a single paper (Doc. 11 at 2). On January 31, 2018, the HOA refiled its answer, affirmative defenses and counterclaim against Plaintiffs (Doc. 14). It also moved to recover its attorney's fees from Plaintiffs' attorney, Andrea Roebuck, under FLA. STAT. § 57.105 (Doc. 15). The Court denied the HOA's motion for fees without prejudice because it did not comply with Local Rule 3.01(g) (Doc. 16).

On February 6, 2018, attorney Kelley A. Bosecker made her appearance as co-counsel for Plaintiffs (Docs. 18, 20). On February 19, 2018, Ms. Bosecker filed Plaintiffs' Notice of Dropping Party Defendant (Doc. 25). According to the notice, Plaintiffs were

dropping the HOA pursuant to F‌ED. R. C‌IV. P. 41(a)(1)(A)(ii) (Id.). The Court construed the notice as a motion and the HOA filed its response (Doc. 36). Plaintiffs later withdrew the motion (Doc. 39). On February 27, 2018, the HOA motioned the Court for the entry of default against Plaintiffs, for failing to respond to its counterclaim (Doc. 29). The motion was granted and clerk's default was entered against Plaintiffs (Docs. 31, 33). The HOA renewed its motion for an award of attorney's fees from Ms. Roebuck that same day (Doc. 30). Plaintiffs and Ms. Roebuck have responded to the motion (Doc. 47).

## II. Discussion

Section 57.105 of the Florida Statutes provides a statutory basis for a prevailing party to recover reasonable attorney's fees from a losing party and its attorney, in equal amounts, as a sanction for raising unsupported claims or defenses. The statute is triggered when "the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court ... (a) [w]as not supported by the material facts necessary to establish the claim or defense, or (b) [w]ould not be supported by the application of then-existing law to those material facts." F‌LA. S‌TAT. § 57.105(1)(a)-(b). Sanctions are not appropriate where the Court finds that the claim or defense presented was "a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law," or [if claimed against the losing party's attorney] that the losing party's attorney "has acted in good faith, based on the representations of his or her client as to the existence of those material facts." Id. at § (3)(a)-(b); see Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1227 (11th Cir. 2003).

Section 559.77(2) of the Florida Statutes enables a prevailing debtor to recover reasonable attorney's fees from any person found to violate the statute's provision on consumer collection practices. See F‌LA. S‌TAT. § 559.72. Even if a debtor was the

- 3 -

prevailing party, fees are not awarded automatically, however. Herrera v. Bank of Am., N.A., 2016 WL 4542105, at *13 (S.D. Fla. Aug. 31, 2016) (""Federal courts have held that not all communications between a debt collector and a debtor are covered by the statutes, and communications which are informational in nature are outside the application of the debt collection statutes.").

Under both statutes, the party seeking fees must first establish that it is the prevailing party. "[P]revailing party" is defined as the litigant in whose favor a judgment is rendered. Harty v. Ross Dress for Less, Inc., No. 6:11-cv-351-Orl-31GJK, 2012 WL 28807, at *1 (M.D. Fla. Jan. 5, 2012); Easterling v. City of Orlando, No. 6:05-cv-855-ORl-22GJK, 2008 WL 3889612, at 9 (M.D. Fla. Aug. 20, 2008) (citing Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995)). Courts have recognized litigants as the "prevailing party" if they have "receive[d] at least some relief on the merits of a claim" Kirby v. Appliance Direct, Inc., No. 6:07-cv-1703-Orl-18GJK, 2009 WL 2905905, at *3 (M.D. Fla. Aug. 17, 2009); Loos v. Club Paris, LLC, 731 F. Supp. 2d 1324, 1329 (M.D. Fla. 2010); Lipscher v. LRP Publications, Inc., 266 F. 3d 1305, 1321 (11th Cir. 2001).

### III. Conclusion

To date, no judgment has been entered in favor of the HOA. Therefore, the HOA's motion for attorney's fees is **DENIED WITHOUT PREJUDICE** because it is premature.

**DONE** and **ORDERED** in Orlando, Florida on March 29, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record