UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEBORAH L. GALLAHER and KEVIN
JOHN GALLAHER,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　Case No:　6:18-cv-34-Orl-37TBS

DEUTSCHE BANK NATIONAL TRUST
COMPANY, ESTATES AT ALOMA
WOODS HOMEOWNERS
ASSOCIATION, INC, SHELLPOINT
MORTGAGE SERVICING and SELECT
PORTFOLIO SERVICING INC.,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is the Agreed Motion to Drop Deutsche Bank, Shellpoint, and SPS with Prejudice (Doc. 85). For the reasons that follow, I respectfully recommend that the motion be **granted**.

### Background

Plaintiffs owned property ("Property") in Oviedo, Florida that was encumbered by a mortgage held by Defendant Deutsche Bank National Trust Company (Doc. 64, ¶ 2).[1] Plaintiffs defaulted and Deutsche Bank filed suit for foreclosure (Id.). Plaintiffs, Deutsche Bank, and its loan servicers, Defendants Shellpoint Mortgage Servicing and Select Portfolio Servicing, Inc., engaged in a mortgage mitigation process (Id., ¶¶ 12-17). The

---

[1] The amended complaint is so poorly drafted that on a Fed. R. Civ. P. 12(b)(6) motion I would recommend dismissal for failure to allege sufficient facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). But, that issue is not before me, and I have used my own experience and speculation to fill in the gaps in Plaintiffs' averments.

mitigation process did not lead to reinstatement of the loan, and Deutsche Bank completed the foreclosure (Id., 43). Plaintiffs' objections to the foreclosure sale were overruled by the trial court and they appealed to Florida's Fifth District Court of Appeal (Doc. 38). The appellate court dismissed the appeal on November 29, 2017 (Id.).

Plaintiffs filed this lawsuit in state court, alleging that the foreclosure was a consequence of Deutsche Bank negligently delaying Plaintiffs' mitigation plan, misrepresenting the status of the mitigation plan, negligently training Shellpoint and Select to participate in the mitigation process, and negligently supervising Shellpoint and Select in the mitigation process (Id., ¶¶ 23-51). Plaintiffs also allege that Deutsche Bank, Shellpoint and Select's actions during the mitigation process violated the Real Estate Settlement Procedures Act (Regulation X) ("RESPA"), 12 U.S.C. § 2605 et seq., the Florida Consumer Collection Practices Act ("FCCPA"), FLA. STAT. §§ 559.55-559.785, and the [sic] Federal Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692e (Id., ¶¶ 52-88). Deutsche Bank, Shellpoint, and Select removed the case to this Court based on this Court's original jurisdiction over the RESPA claims (Doc. 1 at 2-3).

The Property is in a development that subject to certain rules and regulations imposed by Defendant Estates at Aloma Woods Homeowners Association, Inc. (the "HOA"). Plaintiffs claim that actions taken by the HOA to collect payments from them violated the FCCPA and the FDCPA (Id., ¶¶ 62-88). Plaintiffs are also suing the HOA for tortious interference and the intentional infliction of emotional distress (Id., ¶¶ 89-107). The HOA has counterclaimed against Plaintiff Kevin Gallaher for unpaid statutory assessments, interest and attorney's fees (Doc. 14, ¶¶ 17-28).

On April 27, 2018, Plaintiffs, Deutsche Bank, Shellpoint and Select reached a confidential settlement at mediation (Doc.85 at 1). Part of their agreement is that

Deutsche Bank, Shellpoint and Select will be dismissed from this case with prejudice (Id.). To that end, Plaintiff and these Defendants have jointly moved the Court to drop Deutsche Bank, Shellpoint and Select with prejudice (Id.). If the motion is granted, the only remaining claims will be between Plaintiffs and the HOA.

More than fourteen days have passed since the motion was filed and the HOA has not objected. Accordingly, I proceed on the basis that the motion to drop parties is unopposed.

### Applicable Law

Federal Rule of Civil Procedure 21 provides in part that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." FED. R. CIV. P. 21. "The decision of whether to drop a part from a case pursuant to Rule 21 'is left to the sound discretion of the trial court.'" Garcia v. Chapman, No. 12-21891-CIV, 911 F.Supp.2d 1222, 1245 (S.D. Fla. Nov. 28, 2012) (quoting Wright v. Burkhead, No. 6:07-cv-2039-Orl-19KRS, 2008 WL 423452, at *4 (M.D. Fla. Feb. 13, 2008)).

### Analysis

Public policy favors the negotiated resolution of controversies. In view of this policy and the Court's discretionary authority to drop parties at any time, I respectfully recommend the Court implement the settlement agreement between Plaintiffs and Defendants Deutsche Bank, Shellpoint and Select by entering an order dropping them with prejudice. This will leave for resolution, the dispute Plaintiffs and the HOA. The Court will still have original jurisdiction over Plaintiffs' claim that the HOA violated 15 U.S.C. § 1692e, and supplemental jurisdiction over those parties other claims.

### Recommendation

Now, I respectfully recommend that the motion be **GRANTED**, and that the Court

drop Defendants Deutsche Bank National Trust Company, Shellpoint Mortgage Servicing, and Select Portfolio Servicing, Inc., from this case **with prejudice**.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida on May 29, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties

- 4 -